IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCIS X. CHENEY, II,** | : |
| | : |
| | : **Civil Action** |
| **Plaintiff,** | : |
| | : **No.** _____ |
| v. | : |
| | : |
| **NEW YORK DAILY NEWS COMPANY,** | : |
| | : |
| | : |
| **Defendant.** | : |
| | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Daily News, L.P. (incorrectly sued as "New York Daily News Company") hereby files this Notice of Removal of the above-captioned case from the Court of Common Pleas of Philadelphia County, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support hereof, avers as follows:

### INTRODUCTION

1.     This action was commenced by the filing of a Complaint by Plaintiff Francis X. Cheney, II in the Court of Common Pleas of Philadelphia County on February 11, 2015, and is docketed at No. 150201457.  *See* Ex. 1 (true and correct copy of Complaint with Civil Cover Sheet), Ex. 2 (true and correct copy of electronic docket).  Daily News, L.P. received the Complaint by certified mail on February 17, 2015.  *See* Declaration of Marcy U. Kaiser ("Kaiser Decl.") ¶ 6.

2. This Notice is timely, having been filed within thirty days of the receipt by Daily News, L.P. of a copy of the Complaint setting forth the claims for relief upon which the action is based.

3. Copies of all state court process, pleadings, and orders that have been received by Daily News, L.P. are filed herewith. *See* Exs. 1-2. Daily News, L.P. has not filed an appearance, answer, or other pleading in the Court of Common Pleas, and no hearings have occurred in that Court.

## PLAINTIFF'S ALLEGATIONS

4. The Complaint alleges that Plaintiff Francis X. Cheney, II is a resident of Philadelphia, Pennsylvania and a Philadelphia firefighter. Compl. ¶¶ 1, 7. Defendant Daily News, L.P. publishes the *Daily News*, a daily newspaper based in New York City, and the newspaper's website, www.nydailynews.com. *Id.* ¶ 2; Kaiser Decl. ¶ 2. Plaintiff alleges that on January 29, 2015, Defendant published his photograph, with a caption identifying him by name, on www.nydailynews.com above a news report about a "sex scandal" at the Philadelphia Fire Department. Compl. ¶¶ 6-8. Plaintiff also alleges that Defendant published a second article on www.nydailynews.com about the scandal on January 30, 2015, which did not mention Plaintiff. *Id.* ¶ 9. Plaintiff further alleges that he "had no involvement in the alleged 'sex scandal'" and, "upon information and belief, no allegations or information exists suggesting plaintiff had any involvement in the alleged 'sex scandal.'" *Id.* ¶ 10. Based on these contentions, Plaintiff asserts claims for false light invasion of privacy, defamation, and intentional infliction of emotional distress. *Id.* ¶¶ 23-44.

**GROUNDS FOR REMOVAL**

5. This civil action is removable from state court pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this action is properly removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, in that this Court embraces the jurisdiction of Philadelphia County, where the state court action is pending.

6. Plaintiff is an individual who is a citizen of Pennsylvania. *See* Compl. ¶ 1.

7. Defendant Daily News, L.P. is a limited partnership organized under the laws of the State of Delaware. Kaiser Decl. ¶ 3. For purposes of diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of each of its general and limited partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

8. The general partner of Daily News, L.P. is New DN Company, a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Kaiser Decl. ¶ 4. A corporation is a citizen of the state where it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

9. The limited partners of Daily News, L.P. are Mortimer B. Zuckerman, a citizen of the State of New York, and The Mortimer B. Zuckerman 1983 Family Trust (the "Trust"), a trust organized under the laws of the Commonwealth of Massachusetts. Kaiser Decl. ¶ 5. The Trust is administered in the State of New York and its two trustees are citizens of the State of New York. *Id.*

10. Accordingly, Defendant is not a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

11. The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. With respect to compensatory damages, Plaintiff alleges that the challenged news reports have caused "great impact including strain on his family, his relationship with his family, friends and co-workers" and have "significantly damaged plaintiff's prospects to retain his position and/or advance in his employment," Compl. ¶¶ 27, 34, as well as causing Plaintiff "to suffer extreme emotional disturbance," *id.* ¶ 43. In addition, Plaintiff alleges that he is entitled to punitive damages for each of his claims. *Id.* ¶¶ 29, 36, 44. Based on the nature of the causes of action and the allegations of compensatory and punitive damages contained in the Complaint, Plaintiff seeks, on information and belief, in excess of $75,000 in damages, exclusive of interest and costs.[1]

12. Accordingly, because the parties are completely diverse and, based on information and belief, the amount in controversy exceeds $75,000, exclusive of interest and

---

[1] The Complaint makes no specific demand for damages, but Plaintiff has indicated in the Civil Cover Sheet that the amount in controversy is more than $50,000 and seeks both compensatory and punitive damages. *See* Ex. 1 at 1 (Civil Cover Sheet); Compl. ¶¶ 27, 29, 34, 36, 43, 44. The Third Circuit "has explained that if the complaint does not state a specific damage sum, 'the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Rigney v. Felicia*, 433 F. Supp. 2d 534, 536 (E.D. Pa. 2006) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). In short, "[t]he amount in controversy is measured by the pecuniary value of the rights being litigated." *Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986). And where, as here, "the complaint does not contain a demand for a specific monetary amount, the court may look to the petition for removal, or make an independent appraisal of the monetary value of the claim." *Id.* (citation omitted). In this case, based on the allegations of the Complaint and the nature of the claims being advanced, and based on information and belief, Plaintiff is seeking in excess of $75,000 in damages, exclusive of interest and costs. *See Rigney*, 433 F. Supp. 2d at 536.

costs, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441.

## CONSENT AND NOTICE

13. Daily News, L.P. hereby seeks the removal of this action to this Court. Since it is the only defendant, no consent is required.

14. Pursuant to 28 U.S.C. § 1446(d), Plaintiff, the only adverse party, is being provided with this Notice of Removal, and a copy of this Notice of Removal will be filed promptly with the Prothonotary for the Court of Common Pleas of Philadelphia County.

15. By this Notice of Removal, Defendant does not waive any objections it may have to service, jurisdiction, venue, or any other defenses or objections it may have to this action.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated: March 9, 2015

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: /s/ *Michael Berry* (MB8082)
    Michael Berry
    Elizabeth Seidlin-Bernstein

1760 Market Street, Suite 1001
Philadelphia, PA 19103
Tel: (215) 988-9778
Fax: (215) 988-9750
Email: mberry@lskslaw.com
        eseidlin-bernstein@lskslaw.com

*Attorneys for Daily News, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March, 2015, I caused a true and correct copy of this Notice of Removal to be served via express mail upon the following:

>Gonen Haklay, Esq.
>James Goslee, Esq.
>Cohen, Placitella & Roth, P.C.
>Two Commerce Square
>2001 Market Street, Suite 2900
>Philadelphia, PA 19103
>ghaklay@cprlaw.com
>jgoslee@cprlaw.com
>
>*Attorneys for Plaintiff*

>>    /s/ *Michael Berry* (MB8082)
>>Michael Berry