# EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **FEBRUARY 2015** **001457** |
| E-Filing Number: 1502022368 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRANCIS X. CHENEY II | NEW YORK DAILY NEWS COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1010 BLOOMFIELD AVENUE PHILADELPHIA PA 19115 | 4 NEW YORK PLAZA NEW YORK NY |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2L - LIBEL, SLANDER, MISREPRESENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY** FEB **11** 2015 **K. EDWARDS** | YES    NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>FRANCIS X CHENEY II</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GONEN HAKLAY | TWO COMMERCE SQUARE 2001 MARKET STREET SUITE 2900 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)567-3500 | (215)567-6019 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 76446 | ghaklay@cprlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GONEN HAKLAY | Wednesday, February 11, 2015, 01:13 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Cohen, Placitella & Roth, P.C.
Gonen Haklay, Esquire
Identification No.: 76446
ghaklay@cprlaw.com
James Goslee, Esquire
Identification No.: 203043
jgoslee@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

ATTORNEYS FOR PLAINTIFF

Filed and Attested by
PROTHONOTARY
11 FEB 2015 01:13 pm
K. EDWARDS

| | | |
|---|---|---|
| FRANCIS X. CHENEY, II | : | COURT OF COMMON PLEAS |
| 1010 Bloomfield Avenue | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19115 | : | |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | TERM 2015 |
| | : | |
| NEW YORK DAILY NEWS COMPANY, | : | NO.: |
| | : | |
| Defendant. | : | |

## COMPLAINT - CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Philadelphia Bar Association**
**Lawyer Referral & Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**Telephone: (215) 238-6333**

### AVISO

La han demandado a usted en la corte. Si usted quiere defensersa de estas demandes expuentas en la paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abodago y entregar a la corte en forma escrita sus defensas or sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede poder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABODAGO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Associacion DeLicenciados De Filadelfia**
**Servicio DeReferencia E Información Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

Case ID: 150201457

Cohen, Placitella & Roth, P.C.
Gonen Haklay, Esquire
Identification No.: 76446
ghaklay@cprlaw.com
James Goslee, Esquire
Identification No.: 203043
jgoslee@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| FRANCIS X. CHENEY, II<br>1010 Bloomfield Avenue<br>Philadelphia, PA 19115<br><br>    Plaintiff,<br><br>    vs.<br><br>NEW YORK DAILY NEWS COMPANY<br><br>        Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>JURY TRIAL DEMANDED<br><br>TERM 2015<br><br>NO.: |

AND NOW, comes the Plaintiff, Francis X. Cheney, II, by and through his attorneys, Gonen Haklay, Esquire and James Goslee, Esquire, at Cohen, Placitella & Roth, P.C., and files the following Complaint and in support thereof avers as follows:

1.      Plaintiff, Francis X. Cheney, II, is an adult individual and resident of Philadelphia County, Commonwealth of Pennsylvania.

2.      Defendant, New York Daily News Company, is a corporation licensed to conduct business in New York, New York, with its principal place of business located at 4 New York Plaza, New York, New York.

3.      Plaintiff, Francis X. Cheney, II, is a private figure.

4.      Plaintiff, Francis X. Cheney, II, was exposed to false statements that were published by defendant, including on the defendant's website, nydailynews.com.

5.      It is believed and therefore averred that defendant employees, both in their individual capacity and in their capacity as corporate agents of New York Daily News Company, published false and defamatory information about plaintiff from January 29, 2015 through January 30, 2015.  It is further averred that the false and defamatory information placed plaintiff in a false light.

6.      On January 29, 2015, defendant published an article on its website headlined "Heated Sex Scandal Surrounds Philadelphia Fire Department: 'It's Bad Stuff'."  The article was authored by Nicole Hensley, a reporter working for the defendant.  The article was accessible at http://m.nydailynews.com/news/crime/sex-scandal-surrounds-philly-firefighters-bad-stuff-article-1.2096219.

7.      Below the headline, but above the article, defendant placed a picture of plaintiff, a decorated Philadelphia firefighter, in uniform, and the caption identified plaintiff by name.

8.      The first words of the article, which began immediately below plaintiff's photo, are "[a] sex scandal has set Philadelphia Fire Department ablaze with firefighters accused of having sex with a paramedic on- and off-duty."  The article goes on to describe possible charges for the firefighters involved, and described the subject as a "terrible embarrassment."  The article quotes the former Philadelphia Fire Commissioner as stating that the scandal is "bad stuff."

9.      The following day, January 30, 2015, defendant published a second article by the same writer on its website, further alleging that the scandal involves sexual abuse and degradation of a non-consenting city employee, including allegations that the paramedic was "naked and barking like a dog, being paraded around in what appeared to be a Philly fire station on a leash." The second article does not contain any retraction of the false information imputing plaintiff's involvement as a participant in the immoral and disgraceful actions.

10.     Plaintiff had no involvement in the alleged "sex scandal" described in defendant's publication and, upon information and belief, no allegations or information exists suggesting plaintiff had any involvement in the alleged "sex scandal."

11.     At the time of publication, defendant knew or should have known that plaintiff had no involvement in the "sex scandal" and upon information and belief had no information from any source alleging or even suggesting plaintiff's involvement in the "sex scandal."

12.     Defendant was aware that the photo it published with the caption containing plaintiff's name was taken during a 9/11 ceremony held in 2006, and had no connection to the headline or article concerning an alleged "sex scandal" alongside of which it appeared.

13.     The offending article, including the photo of plaintiff and the caption identifying him by name, has been copied and republished elsewhere on the internet.

14.     As a result of defendant's publications, plaintiff has been flooded with messages concerning the false and defamatory statements, including from colleagues at the Philadelphia Fire Department, family, friends, and strangers.

15.     Defendant has acknowledged that its placement of plaintiff's photo and name in between the headline and the article suggested that the plaintiff was involved in the "sex scandal."

16.     Any reasonable viewer of the defendant's publication would believe that plaintiff was involved in the "sex scandal" described in the publication.

17.     Upon information and belief, defendant has not taken any steps to prevent republication of the articles, including republication on the internet.

18.     Upon information and belief, the defendant has not taken any action to have the defamatory content removed from other websites.

Case ID: 150201457

19.     Upon information and belief, defendant has not published any retractions exonerating plaintiff of any involvement in the scandal, or apologies for leading viewers and readers to believe that plaintiff was involved in the alleged "sex scandal."

20.     Defendant's actions and inactions relating to its publication of false and derogatory materials constitutes intentional, willful, malicious and/or reckless behavior meant to irreparably damage plaintiff's reputation and standing within the plaintiff's community, and to humiliate plaintiff.

21.     As described herein, the New York Daily News is knowingly and intentionally wielding its substantial power in an unfair and unconscionable manner to the severe detriment of a private individual with no other means of recourse.

22.     As a result, Francis Cheney, a private citizen and decorated firefighter, now prays for relief through this Complaint.

## COUNT I

## FALSE LIGHT, INVASION OF PRIVACY

23.     Paragraphs 1-22 are incorporated herein as if more fully set forth at length.

24.     All of the resultant losses, damages and injuries sustained by Plaintiff were the direct and proximate result of the tortious conduct committed by the defendant and its employees and corporate agents, in their capacity and scope of employment.

25.     Defendant falsely communicated that plaintiff was involved in a sex scandal while performing his official duties, conduct described as a "terrible embarrassment" to the Philadelphia Fire Department, and that plaintiff could face official charges.

26.     As a direct and proximate result of the foregoing, defendant intentionally, recklessly and/or negligently published the false and defamatory statements about the plaintiff to

third parties, with the abuse of any asserted privilege, including defamatory imputations of unethical, immoral and criminal conduct showing moral turpitude and serious sexual misconduct, which is libelous *per se*, all of which constitutes an invasion of privacy generally and placed plaintiff in a false light.  In particular:

a.      Said communication was defamatory and an invasion of privacy and cast plaintiff in a false light in that it accused plaintiff of serious sexual misconduct, conduct showing moral turpitude, and unethical, immoral and possibly criminal behavior, and of disgracing his oath and his uniform;

b.      Said communication was distributed widely, including worldwide through the defendant's website from January 29, 2015 to January 30, 2015, and continues to be broadcast worldwide via internet sites that have reprinted defendant's tortious allegations;

c.      Said communication was applicable to the plaintiff as his photo and name were published as part of the article concerning the alleged sex scandal;

d.      The recipients of said communication understood and were intended to understand both its application to plaintiff and its defamatory meaning;

e.      As a result of such false publication, plaintiff, a decorated firefighter and committed public servant has been unfairly brought into scandal and reproach, and has been held up to odium, scorn and contempt among his family, friends, co-workers, associates, and employers; and was wrongfully suspected by them to have been guilty of the despicable acts and behavior imputed to plaintiff by defendant's communication, as a result of which plaintiff suffered in his reputation, including for integrity, feeling and peace of mind, to great loss and damage. Said communication is highly offensive to any reasonable person wrongfully accused of such conduct per Pennsylvania law;

f.      Said communication was published with knowledge of falsity and/or reckless disregard as to the truth of the initial publication on or about January 29, 2015; and

g.      Said communication was an abuse of any asserted privilege given the intentional and/or reckless falsity of its publication.

27.      As a direct and proximate result of the foregoing intentional, reckless, and/or negligent conduct imputing unethical, immoral and criminal conduct showing moral turpitude and serious sexual misconduct to the plaintiff, plaintiff has suffered and will continue to suffer an invasion of privacy and has been held in a false light amongst the greater community, causing great impact including strain on his family, his relationship with his family, friends and co-workers.  Absent corrective actions, defendant's conduct has significantly damaged plaintiff's prospects to retain his position and/or advance in his employment.

28.      As a further direct and proximate result of defendant's conduct invading plaintiff's privacy and placing plaintiff in a false light, plaintiff has suffered and will continue to suffer substantial and irreparable harm to his reputation.

29.      All of the foregoing constitutes extreme and outrageous action which demonstrates intentional, willful, malicious and/or reckless conduct justifying the imposition of punitive damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter judgment against defendant New York Daily News Company, to recover all entitled damages including presumed, compensatory and punitive damages.

**COUNT II**

**DEFAMATION/LIBEL**

30.     Paragraphs 1-29 are incorporated herein as if more fully set forth at length.

31.     All of the resultant losses, damages, and injuries sustained by plaintiff were the direct and proximate result of the tortious conduct committed by the employees and corporate agents of the defendant, New York Daily New Company, in their capacity and scope of employment.

32.     Defendant falsely publicized that plaintiff was involved in serious sexual misconduct, specifically a "sex scandal" while performing his official duties, a scandal potentially exposing him to criminal charges and which the former Philadelphia Fire Commissioner is quoted as calling "bad stuff" and which is cited as a "terrible embarrassment" to the Philadelphia Fire Department.

33.     Defendant intentionally, recklessly and/or negligently published false and defamatory statements about the plaintiff to third parties, with the abuse of any asserted privilege, including defamatory imputations of unethical, immoral and possibly criminal conduct showing moral turpitude and serious sexual misconduct, which is libelous *per se*, all of which constitutes defamation generally and in the following particulars:

        a.     Said communication was defamatory in that it accused plaintiff of unethical, immoral, disgraceful and possibly criminal conduct showing moral turpitude;

        b.     Said communication was published to plaintiff's family, friends, co-workers, work superiors, acquaintances, the regional community in which plaintiff works and resides, nationally, and globally;

c.      Said communication was applicable to plaintiff as his photo and name were published as part of the article concerning the alleged sex scandal;

d.      The recipients of said communication understood both its application to plaintiff and its defamatory meaning; and

e.      As a result of such false publication, plaintiff has been brought into scandal and reproach, and has been held up to odium, scorn and contempt among his family, friends, co-workers, associates, and employers; and was suspected by them to have been guilty of the despicable acts and behavior imputed to plaintiff by defendant's communication, as a result of which plaintiff suffered in his reputation, including for integrity, feeling and peace of mind, to great loss and damage. Said communication is highly offensive to any reasonable person wrongfully accused of such conduct per Pennsylvania law.

34.     As a direct and proximate result of the foregoing intentional, malicious, reckless, and/or negligent publication, plaintiff has been held in the community as a person involved in an unethical and immoral sex scandal, causing great impact including strain on his family, his relationship with his family, friends and co-workers.  Absent corrective actions, defendant's conduct has significantly damaged plaintiff's prospects to retain his position and/or advance in his employment.

35.     As a direct and proximate result of defendant's defamatory actions, plaintiff has sustained and will continue to sustain in the future substantial and irreparable harm to his reputation.

36.     All of the foregoing constitutes extreme and outrageous action which demonstrates intentional, willful, and/or reckless conduct justifying the imposition of punitive damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter judgment against defendant New York Daily News Company, to recover all entitled damages including presumed, compensatory and punitive damages.

**COUNT III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37.     Paragraphs 1-36 are incorporated herein as if more fully set forth at length.

38.     The New York Daily News intentionally, maliciously and/or recklessly defamed the private plaintiff through imputed falsehoods, casting the plaintiff in a false light, thereby invading the plaintiff's privacy, beginning on January 29, 2015, and continuing through January 30, 2015 on defendant's website, and thereafter on other websites, as defendant has taken no actions to prevent republication of its defamatory article, or have such republications removed.

39.     Defendant has not taken any steps to prevent republication of its articles elsewhere, or to have the defamatory content removed from other websites.  Defendant has not published any retractions exonerating plaintiff of any involvement in the scandal, or apologized for leading viewers and readers to believe that plaintiff was involved in the alleged sex scandal.

40.     The foregoing was committed with bad faith in an unconscionable manner with malicious intent and/or reckless indifference to the falsity of the underlying publication, and with knowledge that the publication contained falsehoods.

41.     Defendant's conduct constitutes extreme, outrageous and unconscionable behavior, despite actual knowledge of the falsity of its publication, is considered unacceptable in a civilized society, far beyond behavior which a reasonable plaintiff could be expected to endure.

42.     Given the defendant's conduct, nothing short of court order entering judgment against the defendant is appropriate.  The private plaintiff is virtually powerless to protect himself,

his family, his health, permanent welfare, and reputation because the defendant has intentionally, willfully and/or maliciously failed to take any actions to prevent republication of its defamatory publication, take any meaningful actions to remove republished articles, or to apologize for or retract its defamatory publication.

43.     Defendant's extreme, outrageous and unconscionable behavior has caused and will continue to cause the plaintiff to suffer extreme emotional disturbance, with resultant irreparable damage.

44.     All of the foregoing constitutes extreme and outrageous action which demonstrates intentional, willful, and/or reckless conduct justifying the imposition of punitive damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter judgment against defendant New York Daily News Company, to recover all entitled damages including presumed, compensatory and punitive damages.

Respectfully submitted,

Dated: 2/11/15

Gonen Haklay, Esquire
James Goslee, Esquire
Cohen, Placitella & Roth, P.C.
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

## **VERIFICATION**

Francis X. Cheney II hereby states that he is the Plaintiff in the within action and verifies that the statements made in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief, and that he understands that the statements therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

2/2/15
_____
Date

_____
Francis X. Cheney II